| | |
|---|---|
| 1 | Michael J. Tonsing (State Bar Number: 69476) |
| 2 | TONSING LAWFIRM<br>CATHEDRAL HILL TOWERS |
| 3 | 1255 Post Street, Suite 427<br>San Francisco, CA 94109-6707 |
| 4 | Phone: 415.776.7177<br>Fax: 415.358.4839 |
| 5 | mtonsing@lawyer.com<br>Attorneys for Plaintiff ERIC GERENCSER |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC GERENCSER,<br><br>    Plaintiff,<br>vs.<br><br>the UNITED STATES OF AMERICA; and,<br>DAVID RIDDLE, an individual,<br><br>    Defendants. | Case Number:<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br>**under the Federal Tort Claims Act, Negligence, Gross Negligence, and for Professional Malpractice**<br><br>**Jury Demanded** |

Plaintiff, ERIC GERENCSER, hereby sues Defendant UNITED STATES OF AMERICA and "attorney" DAVID RIDDLE, an individual, for damages and states his causes of action as set forth below.

**Jurisdiction and Venue**

1. With regard to the Defendant UNITED STATES OF AMERICA, this action arises under the Federal Torts Claims Act, Sections 2671 - 2680 of Title 28 of the United States Code (28 USC §§ 2671-2680). This Court is vested with jurisdiction pursuant to Section 1346(b) of Title 28 of the United States Code (28 USC § 1346(b)). Venue properly lies in this Court pursuant to 28 USC. § 1391. Venue is proper in the Northern District of California because a substantial part of the events or omissions giving rise to the claim occurred in this District and the individually named Defendant did, at all times relevant, business in this District and Plaintiff is informed and believes that he still does. Jurisdiction is founded on 28 U.S.C. §1331 to the extent that this matter arises under the

FIRST AMENDED COMPLAINT FOR DAMAGES              1

pertinent provisions of the Federal Tort Claims Act ("FTCA") 28 USC §§ 1346(b), 2401(b), and §§ 2671-80, as the Plaintiff has exhausted his administrative remedies and has timely filed suit.

2. Plaintiff's claims are not barred by 28 USC § 2680. And, though Plaintiff was a United States Army officer at the time of the actions and omissions upon which his suit rests, his claim had no direct relationship to his military service and is therefore permissible under the holding in *Brooks v. United States*, 337 U.S. 49, 50, 52 (1949).

3. The Court also has jurisdiction over this action pursuant to 28 USC §§ 1331, 1343 and 2201 and on the pendant jurisdiction of this court to entertain claims arising under state law, and/or under the same set of facts, against the individual Defendant, DAVID RIDDLE. Pursuant to 28 U.S.C. § 1346(b), this Court also has jurisdiction in this matter.

4. To the full extent it is available as a matter of right, a **jury is demanded** pursuant to this Complaint.

5. Following the Electronic Filing of this First Amended Complaint, the United States Attorney for the Northern District of California, the Honorable Joseph P. Russoniello, 450 Golden Gate Avenue, San Francisco, California, is being served with an original by hand-delivery service to and upon that Office's Civil Process Clerk; that service will be evidenced by a signed Proof of Service filed with this Court in due course. Additionally, the Honorable Michael B. Mukasey, Attorney General of the United States, is also being served with a "hard copy" of this First Amended Complaint by First Class Mail and by Certified Mail, in care of the U.S. Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530-0001. That service will also evidenced by the signed Proof of Service filed with this Court in due course. Defendant DAVID RIDDLE, believed to be a resident of the State of California, who was not served with the original Complaint, is being served with the First Amended Complaint and a Summons, and the supporting papers required by this Court, by mail. Proof of service of these documents on Defendant RIDDLE will be filed in due course, once it has been effected.

**FIRST AMENDED COMPLAINT FOR DAMAGES**      2

**Parties**

6. At all times relevant to this lawsuit, the lawyers, paralegals, military officers, and enlisted personnel who are not all specifically known to the Plaintiff at this time, were performing services for the United States Army and/or the United States Navy, and, therefore, were governmental employees acting in the scope of their employment and/or agency relationship for whose actions or omissions the Defendant UNITED STATES OF AMERICA is liable. However, the tortious conduct complained of herein did not arise out of, nor was it in the course of, Plaintiff's activity incident to his military service, as more fully described below.

7. Plaintiff is informed and believes and thereon alleges that the Judge Advocate General's office at the Presidio of Monterey, where Plaintiff was stationed at the time of the actions complained of herein, had only two company-grade legal officers assigned – one who served in the role of Trial Counsel (a Captain Birmingham) and an Administrative Officer (a Captain Burgess) who adjudicated claims and other miscellaneous legal work - for the Staff Judge Advocate (a Lieutenant Colonel Clifton).

8. For reasons unknown at this time to Plaintiff, when he sought legal counsel from the Presidio of Monterey legal office, he was <u>not</u> assigned to a military legal officer, but was routinely assigned instead to a California-based individual civilian "attorney" named DAVID RIDDLE.

9. However, according to the California State Bar website, DAVID RIDDLE is not listed as a licensed California attorney. Plaintiff is informed and believes and thereon alleges that he was also not licensed to practice in this State at the time the acts and omissions set forth below occurred and that he, in fact, has <u>never</u> been licensed in this State. Plaintiff is informed and believes and thereon alleges that, at one time, Mr. RIDDLE was a member of the Bar of the State of Hawaii, but that he was in "voluntary inactive" status in Hawaii at all times relevant here. Plaintiff is informed and believes that his lack of legal licensure and his lack of specific professional legal expertise were both present at the times complained of herein and were partially or wholly responsible for the egregious result

FIRST AMENDED COMPLAINT FOR DAMAGES        3

Plaintiff suffered at the hands of counsel for his wife. Plaintiff also is informed and believes and thereon alleges that attorney RIDDLE also lacked basic familiarity with general military law and <u>especially</u> with the standard Army Regulation ("AR 608-99 - Family Support, Child Custody, and Paternity") and with California law upon which Plaintiff's case most specifically turned. As such, he was wholly professionally unqualified to represent Plaintiff. At none of the times relevant here did Mr. RIDDLE indicate his bar status, but instead led Plaintiff to believe by his silence and his demeanor that he was a lawyer licensed in California and qualified to represent Plaintiff. Plaintiff is informed and believes and thereon alleges that the agent(s) of the UNITED STATES OF AMERICA who assigned this civilian "attorney" to represent him were well aware of Mr. RIDDLE's license status and background, or lack of background, in handling such matters as Plaintiff presented. And, if they were not, they most assuredly should have been.

### General Allegations

10. In 1994, Plaintiff ERIC GERENCSER was an active duty Lieutenant Colonel in the United States Army, stationed in Heidelberg, Germany. He was married to an American. She was a civilian, employed as a U.S. Department of Defense Schools (DoDDS) teacher at Mark Twain Village Elementary School in Heidelberg.

11. On or about November 1, 2000, Lieutenant Colonel GERENCSER, then residing in Germany as was his wife, was ordered to return to a post in Monterey, California.

12. Mrs. GERENCSER filed a legal claim through military channels that she was entitled to spousal support which she was not receiving from her husband. Her claim for "back support" was in the range of $40,000. She began calling military officials in an apparent attempt to resolve the matter informally. But, as soon became apparent, her complaint was not resolvable at that informal level. As the spouse of an active duty Army officer, Plaintiff's wife was eligible for assistance in enforcing her "rights" by using the services of the Judge Advocate General Corps. (JAG lawyers, by regulation, cannot assist with marriage dissolutions, but they can get involved in spousal support issues.) This she did,

First Amended Complaint for Damages       4

vigorously.

13. In fact, LTC GERENCSER was improperly threatened by his wife's JAG-appointed lawyer with the possibility of criminal sanctions under the UCMJ and AR 608-99 if Plaintiff did not pay his wife the amounts purportedly due her.

14. AR 608-99 is, in some respects, a punitive regulation. A soldier who fails to follow it may be subject to administrative non-judicial punishment (Article 15) or even a judicial (court-martial) action for violating a lawful general regulation. The maximum punishment for this offense is a Dishonorable Discharge, forfeiture of all pay and allowances, confinement for two years and reduction to the pay grade of Private E-1 (i.e., the lowest grade and rank in the military service).

15. LTC GERENSCER plainly needed competent California legal counsel, given the seriousness of the threat, but he was not provided with the informed competent counsel he so acutely needed. Instead, the UNITED STATES OF AMERICA referred him to a civilian "lawyer" who was not qualified by education or experience or bar admission to represent him competently. As a direct and proximate result of one or more of the careless and negligent acts and/or omissions of the civilian agent of the Defendant UNITED STATES OF AMERICA and of the UNITED STATES OF AMERICA itself, Plaintiff eventually sustained injuries of a personal and pecuniary nature, as described in greater detail below.

16. Such claims of non-support are not taken lightly by the military. Failure to make payments that are legitimately due can result in severe sanctions under the Uniform Code of Military Justice ("UCMJ"). The JAG officer who was representing Plaintiff's wife improperly threatened criminal action to obtain a civil end, i.e., prosecution under the UCMJ for nonpayment unless payment was made.

17. However, the reality was that Mrs. Gerencser was not legally eligible for spousal support, on a number of grounds. Among other things, and by way of example, Army Regulations unequivocally stated then and now that spousal support is not due if the nonmilitary

spouse has earnings that exceed those of the military spouse. (Army regulations regarding such matters are routinely collected and maintained in "AR 608-99 - Family Support, Child Custody, and Paternity.")

18. That <u>was</u> the factual situation that pertained to the Gerencsers. Both her earnings and her net worth were demonstrably higher than his. There were other readily demonstrable grounds, both in Army Regulation 608-99 and otherwise, that established that LTC GERENCSER owed his wife <u>nothing</u> by way of support. Another example, but not by way of limitation, also drawn from Army Regulation 608-99, is that spousal support is not due if the requesting spouse has been adjudged physically abusive. That was the case with respect to this marriage – such an adjudication had occurred. Mrs. Gerencser had been so adjudged. In fact, a report was issued by the Family Advocacy Case Management Team, adjudicated by a 12-member panel, and formally documented in a letter signed by the Base Support Battalion (BSB) Commander in Heidelberg, Germany. However, civilian counsel for LTC GERENCSER failed to bring out these patently relevant facts, to the financial detriment of the Plaintiff. Given the severe nature of the threat, LTC GERENCSER, and following the wholly erroneous and unfounded recommendation of "attorney" DAVID RIDDLE, which RIDDLE claimed was the state of the law when, in fact, the opposite was true, LTC GERENCSER settled the matter "out of court" in order to avoid a fate that would never have occurred. His decision to do so was based entirely on the improper and unfounded threats of the JAG officer representing his wife and on the erroneous advice of his civilian "lawyer," DAVID RIDDLE. The UNITED STATES also erred in allowing one of its JAG officers to make threats that were unfounded, to threaten criminal sanctions for an alleged civil wrong, and:

(a) In failing to exercise reasonable care under the circumstances; and,

(b) In failing to refer LTC GERENCSER to appropriate specialists or adequately trained other lawyers.

## CAUSES OF ACTION

<u>Negligence, Gross Negligence and Legal Malpractice</u>

18. Plaintiff adopts and incorporates by reference the allegations or paragraphs 1 through 17, above.

19. Plaintiff alleges that the Judge Advocate General Corps of the United States Army, acting as an agent of the UNITED STATES OF AMERICA, through its administrative staff and legal staff, and in complicity with a civilian "lawyer," committed the following acts of negligence and gross negligence:

(a) Assigning LTC GERENCSER to what Plaintiff is now informed and believes was an unlicensed civilian "attorney" <u>wholly outside the command structure</u> who was manifestly unable to provide adequate representation;

(b) In failing to exercise reasonable care under the circumstances;

© In failing to provide the civilian "attorney" with basic and necessary supervision;

(d) In failing to timely intervene on behalf of LTC GERENCSER;

(E) In failing to develop and implement an adequate plan of care to meet LTC GERENCSER's legal needs;

(F) In failing to recognize the crucially important aspects of AR 608-99 that absolved LTC GERENCSER of any potential wrongdoing, thereby eliminating the leverage that his wife was successfully exerting through her JAG attorney and totally overcoming any argument that monies were due her;

(g) In failing to properly refer LTC GERENCSER to counsel capable of providing necessary and appropriate legal services on his behalf;

(h) In failing to have and follow appropriate policies, procedures and protocols for the prevention of such inappropriate and inadequate representation;

(I) In permitting the JAG lawyer representing his wife to make unfounded threats and to

threaten criminal sanctions for alleged civil wrongs;

(j) In failing to adequately train and supervise its civilian "attorney" agents to qualify them to handle matters of the type presented by LTC GERENCSER and his case; and,

(k) In failing to exercise reasonable care under the circumstances.

That each of the aforesaid acts of negligence directly and proximately caused or contributed to the pecuniary and other losses suffered by Plaintiff, both the Judge Advocate General Corps attorneys and professional staff (acting as agents of the UNITED STATES OF AMERICA) and civilian Defendant "attorney" DAVID RIDDLE failed to conform their conduct to the standard of care required of lawyers and other legal professionals in Monterey County, California, or similar locality.

20. The negligence of the Judge Advocate General Corps, representing Mrs. Gerencser, and its Presidio of Monterey command element is imputed to the UNITED STATES OF AMERICA because, at the time of the services were inadequately rendered, they were acting as agents of the UNITED STATES OF AMERICA; moreover, the Judge Advocate General Corps and the UNITED STATES OF AMERICA were negligent in the referral of LTC GERENCSER to Mr. DAVID RIDDLE.

21. Plaintiff further alleges that "attorney" DAVID RIDDLE was negligent and committed legal malpractice, not only failing to disclose his lack of licensure, but also in failing to adhere to the standard of care expected and required of him in the community in which he practiced or a similar locality, as follows:

(a) In failing to recognize the crucial applicability of the standard and most elementary Army manual on the subject of the dispute between LTC GERENCSER and his wife; and,

(b) In zealously representing his client's interests.

That each of the aforesaid acts of negligence directly and proximately caused pecuniary

FIRST AMENDED COMPLAINT FOR DAMAGES          8

harm to Plaintiff, and "attorney" DAVID RIDDLE's conduct and his omissions to act failed to conform to the standard of care required for lawyers practicing in Monterey County, California or a similar locality.  Plaintiff first learned of the malpractice that has been detailed above in a conversation with a JAG officer on April 5, 2007 (i.e., that arrearages were not payable or enforceable, and that the conduct of Mrs. Gerencser's lawyer was wholly improper and based on "facts" that were known to that lawyer to be erroneous and false).  This was his first knowledge of all this.  He neither new nor should he have known of the malpractice, negligence and gross negligence detailed above until that date.  He filed his timely administrative claim on February 27, 2008, with the US Army Claims Service, alleging attorney malpractice.  Thus, both his claim and his suit are timely.  Plaintiff suffered mental pain and suffering, emotional distress and humiliation, the loss of use and opportunity costs of both his savings and his livelihood, as a direct and proximate result of the joint and concurring acts of negligence, gross negligence, malpractice, and wrongful acts and/or omissions of the Defendants' and their agents, servants, and employees.

WHEREFORE, Plaintiff prays that:

A. Judgment be entered against each Defendant, jointly and severally, in the amount of $92,622, which represents actual out-of-pocket losses of $46,311, the amount Plaintiff was unjustly coerced into paying his spouse, plus the opportunity cost of Plaintiff not having access to his funds for the period 2004-2008, and the cost of paying taxes on earnings which he never constructively received, as stated in his Administrative Claim, and possibly additional subsequent sums as will be shown at trial;

B. Damages be awarded against Defendant the UNITED STATES OF AMERICA under the Federal Tort Claims Act in the amount sought in Plaintiff's Administrative Claim;

C. Judgement be entered against Defendants, jointly and severally, for costs;

D. Punitive and exemplary damages be awarded against individual Defendant DAVID RIDDLE, in the amount of $500,000, due to his gross negligence; and,

E. Any further relief to which Plaintiff is found at trial to be entitled be awarded.

Dated this 3rd day of October, 2008, at Oakland, California.

                            Respectfully Submitted,

                            TONSING LAWFIRM

                            By: _____
                                Michael J. Tonsing, Esq.
                                Attorneys for Plaintiff
                                ERIC GERENCSER